**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONSUMER SATELLITE RADIO, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. No. 2:09-CV-190 (TJW) |
| | § | |
| SIRIUS XM RADIO, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
COMPEL RESPONSES TO INTERROGATORIES 9, 10 AND 11**

COMES NOW Consumer Satellite Radio LLC, Plaintiff herein, who makes this, its response to Defendants' Motion to Compel (Dkt. 78) and in support thereof would respectfully show:

**I.     BACKGROUND**

Defendants' motion is concerned with three interrogatory requests asking Plaintiff to "describe with particularity any and all basis" for Plaintiff's contentions that the patents asserted are not invalid.  Specific sub-questions provide a detailed outline of specific and detailed sub-areas to be addressed.  These interrogatories, by their terms, relate back to Defendants' invalidity contentions and the 78,308 documents Defendants filed in support of those contentions.  These interrogatories also ask Plaintiff, in a single interrogatory, to analyze over 50 patents, documents, articles, orders, filing, publications, etc., and to distinguish each claim from the art cited in the invalidity contentions.  Further, Plaintiff would be required to address at least 190 arguments and combinations of prior art argued by Defendants in their invalidity contentions.  Defendants seek this analysis with a single interrogatory response.

Plaintiffs have responded that these particular interrogatories are premature, overbroad and unduly burdensome.

A time line of related events over a seventy-five (75) day period prior to Defendants' filing of their motion to compel may be helpful to put these requests in context:

| | |
|---|---|
| 28 April | Defendants serve their invalidity contentions, per PR 3-3 and 3-4; 228 pages, supported by 78,308 documents. The Appendices thereto lists over 50 patents, documents, articles, orders, filings, publications, alliances, etc. |
| 07 May | Defendants serve interrogatories on Plaintiff seeking detailed responses about why Plaintiff believes Defendants' invalidity contentions are not valid. |
| 21 May | Defendants serve another 95,897 documents on Plaintiff. |
| 09 Jun | Plaintiff files its responses to Defendants' interrogatories. |
| 11 Jun | Defendants serve another 21,747 documents on Plaintiff. |
| 02 Jul | Defendants serve another 26,177 documents on Plaintiff. |
| 12 Jul | Defendants file their motion to compel. |

## II.  PLAINTIFF'S OBJECTIONS ARE VALID

### A.  Unduly burdensome, improper purpose, harassment

Defendants, with a single interrogatory, seek to obtain detailed analysis of over 50 pieces of prior art. Further, the interrogatory would require Plaintiff to respond to over 190 arguments and combinations of prior art asserted by Defendants in their invalidity contentions. As such, Defendants' interrogatories are improper, unduly burdensome, and served with an improper purpose. Defendants' cite the Order (Dkt. 78.21) from *Orion, IP, LLC v Ford Motor Co.*, No. 2:04-CV-313 (Dkt. 140 from Orion), at 1-2 (E.D. Tex. Jan. 31, 2006) in support of their position that the interrogatories are proper. However, in

that very Motion to Compel (Ex. A), the movant cites *Orion IP, LLC v. Staples Inc., et al.*, 2:04-CV-297, wherein the defendant produced an interrogatory demanding that plaintiff analyze 50 pieces of prior art. In its July 7, 2005 Order (Ex. B), the *Staples* Court held:

> While Defendants may seek, in separate interrogatories, specific responses regarding specific pieces of prior art, or may seek, in a single interrogatory, a general response regarding all identified prior art, Defendants may not seek, in a single interrogatory, specific responses for every piece of prior art. Such an interrogatory would burden the Plaintiff and dramatically expand the number of interrogatories.

Ex. B pp. 1-2; *see also* Ex. A, p. 2.

Defendants are seeking, in a single interrogatory, specific responses for every piece of prior art cited by Defendants. For example, Interrogatory No. 9 demands Plaintiff "[d]escribe with particularity any and all bases for CSR's contentions that the Asserted Claims of the patents-in-suit are not invalid under 35 U.S.C. §§ 101, 102, and/or 103 in light of the Invalidity Contentions and/or the prior art cited in the Invalidity Contentions." (Dkt. 78.7, pp. 2-3.) The interrogatory defines "Invalidity Contentions" as "Defendants' Invalidity Contentions, served on April 28, 2010." (Dkt. 78.7, p. 2.) As noted above, the invalidity contentions comprised 78,000 documents produced therewith and identified over 50 pieces of prior art. Thus, Defendants are seeking, with one interrogatory, to force Plaintiff to analyze with particularity over 50 pieces of prior art. As an example, the Interrogatory demands plaintiff identify "each element of each Asserted Claim that is not satisfied by <u>each of the cited prior art</u> and <u>all reasons</u> why CSR contends said element is not satisfied." (Dkt. 78.7, pp. 2-3 (emphasis added).) The interrogatory continues by demanding Plaintiff describe "the basis of any contention that

the cited prior art is not enabled." (*Id.*) Such requests are specific requests demanding an analysis of over 50 pieces of prior art. By definition, such a request is burdensome and improper. Even the very case upon which Defendants' build their argument demonstrates this tactic is improper. Even assuming, *arguendo*, that the Interrogatory is not premature, such a request would only be proper if it were directed to a single piece of prior art. This is not what Defendants have done. Instead, they have thrown over 50 of pieces of prior art at Plaintiff and demanded Plaintiff analyze each, all while utilizing a single Interrogatory request to accomplish this means. Because each interrogatory comprises multiple and distinct portions, several hundred interrogatories would be required to obtain the information sought by Defendants. As such, Defendants interrogatories exceeds the number allowed by the Court's January 15, 2010 Discovery Order. (Dkt. 58.)

Likewise, with respect to Interrogatories No. 10 and 11, Defendants seek Plaintiff's position regarding a plurality of claims. In fact, the chart containing Defendants' requests spans four pages. Defendants seek to obtain the answers to four pages of questions utilizing a single interrogatory. Plaintiff respectfully submits that such a request is improper, unduly burdensome, and exceeds the number of interrogatories allowed by the Court's January 15, 2010 Discovery Order. (Dkt. 58.)

Furthermore, Plaintiff's Motion to Compel is inappropriate for the reason that its sole purpose is to control the pace of discovery beyond that contemplated by the rules. As noted, Defendants request specificity regarding the application of "each of the cited prior art" for more than 50 documents. Plaintiff is simply in no position to perform such a comprehensive analysis in the time frame demanded by Defendants, nor is such analysis appropriate at this stage of the litigation. Further, as noted above, the request

exceeds the number allowed by the Court's January 15, 2010 Discovery Order. (Dkt. 58.)

Defendants point out, multiple times in fact, the considerable time and expense they spent preparing their invalidity contentions. That fact is evident, but the fact that Defendants have the wherewithal to undertake such a massive project does not necessarily translate into a requirement that the responding party respond in kind in the absence of some other requirement to do so. In this case, there is no external deadline or event that would necessitate such a quick response, nor will Defendants be prejudiced by a response in the due order of evidence in this matter.

### B. Premature

Defendants' Motion for Summary Judgment, also based in part on their invalidity claims, was denied as premature, pending construction of the claims. (Dkt. 64.) Likewise, Defendants' interrogatories are premature.

Defendants seek Plaintiff's claim construction position before the time provided in the Docket Control Order. (Dkt. 59.) In fact, Defendants seek this information before Plaintiff is even required to submit the Joint Claims Construction Statement under P.R. 4-3. Further, the information is sought before Plaintiff is even required to identify the experts. Because invalidity and enablement are to be demonstrated via expert testimony, the information sought is premature.

### C. Defendants' "Evidence" Is Not Dispositive

Defendants present in their Motion a number of examples purporting to support an argument that the Court's local practice requires that Plaintiff be compelled at this juncture in the litigation. However, in each instance, this "evidence" is presented without

context – *e.g.* the nature and facts of those cases, the timing of the discovery requests, the relative burdens, the relationship to the docket control order, etc. Plaintiff does not dispute the validity of a portion of the requests, but rather Defendants' position that the requests must be answered "at this time."

Likewise, Defendants' implication that Plaintiff seeks "litigation by ambush," or that Plaintiff takes the position that it is entitled "to know Defendants' invalidity positions without having to reveal its own," are equally out of context. Plaintiff takes no such position. Defendants' Motion to Compel is premature.

### III. CONCLUSION

For the reasons set forth above, Defendants' Motion to Compel Responses to Interrogatories 9, 10 and 11 should be, in all respects, denied as premature and overbroad.

Dated: July 29, 2010

Respectfully submitted,

/s/ Bobby W. Braxton
Carl R. Roth
Texas Bar No. 17312000
THE ROTH LAW FIRM, P.C.
P.O. Box 876
Marshall, Texas 75671
Telephone: (903) 935-1665
Facsimile: (903) 935-1797
Email: *cr@rothfirm.com*

David W. Carstens
Texas Bar No. 03906900
Bobby W. Braxton
Texas Bar No. 24059484
CARSTENS & CAHOON, LLP
13760 Noel Road, Suite 900
Dallas, Texas 75240
Telephone: (972) 367-2001
Facsimile: (972) 367-2002
Email: *carstens@cclaw.com*
Email: *braxton@cclaw.com*

        Jennifer L. Watkins
        Texas Bar No. 24067929
        SCHNEIDER & MILLER, P.C.
        300 N. Coit Road, Suite 1125
        Richardson, TX 75080
        Telephone: (972) 479-1112
        Facsimile: (972) 479-1113
        Email: *jennifer@schneidlaw.com*

        **ATTORNEYS FOR PLAINTIFF**
        **CONSUMER SATELLITE**
        **RADIO, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that I have on July 29, 2010, electronically filed the foregoing with the Clerk of court using CM/ECF system which will send notification of such filing to the counsel of record via email.

        /s/ Bobby W. Braxton
        Bobby W. Braxton