IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONSUMER SATELLITE RADIO, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civ. No. 2:09-CV-190 (TJW) |
| SIRIUS XM RADIO, INC., ET AL., | § § | |
| Defendants. | § § § | |

# SIRIUS XM'S REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO COMPEL RESPONSES TO INTERROGATORIES 9, 10 AND 11

Sirius XM Radio Inc., XM Satellite Radio Inc., XM Satellite Radio Holdings Inc. (collectively, "Sirius XM") respectfully submit this reply to Plaintiff's response to the motion to compel responses to interrogatories 9, 10 and 11. As explained in its moving papers, Defendants brought the instant motion to compel Plaintiff to provide its position on the validity of the patents-in-suit after Defendants served their invalidity contentions <u>over</u> <u>three</u> <u>months</u> <u>ago</u>. Indeed, Plaintiff continues to delay disclosing its position to try to avoid the inevitable conclusion that the patents-in-suit are invalid, even after Defendants offered a reasonable compromise to follow a procedure advocated in Plaintiff's response, but not previously disclosed by Plaintiff during the parties' pre-motion meet and confer.

In particular, Defendants proposed that the parties avoid expending this Court's resources and follow the procedure for seeking non-invalidity contentions based on two orders from Judge Davis (cited by both parties) on the precise issue presented in the instant motion – Defendants would issue, and Plaintiff would provide detailed responses to, individual interrogatories for each piece of prior art for which it sought Plaintiff's non-invalidity contentions. When Plaintiff surprisingly refused after having relied on Judge Davis' guidance in its responsive paper, Defendants was forced to submit this reply to request relief from this Court.

**I.     BACKGROUND**

Plaintiff's response expressly "does not dispute the validity of a portion of the requests." (Dckt. No. 85 at 6). Indeed, Plaintiff no longer disputes (because it cannot dispute) that Defendants are in fact entitled to substantive responses to interrogatories

requesting Plaintiff's non-invalidity position. (*Id*.) Plaintiff's primary contention is based on an order by Judge Davis in the *Orion* case (different from the order cited by Defendants), that Interrogatory No. 9 is improper because it does not seek specific responses for individual prior art references in separate interrogatories, as opposed to within a single interrogatory. (*Id*. at 3-4). In that order, Judge Davis outlines a procedure for obtaining a plaintiff's non-invalidity contentions under circumstances virtually identical to those present here:

> While Defendants may seek, in separate interrogatories, specific responses regarding specific pieces of prior art, or may seek, in a single interrogatory, a general response regarding all identified prior art, Defendants may not seek, in a single interrogatory, specific responses for every piece of prior art. Such an interrogatory would burden the Plaintiff and dramatically expand the number of interrogatories. (Dckt. No. 85 at 3) (quoting Dckt. No. 140 in Case No. 2:04-CV-297).

Plaintiff's response quotes this language and tries to extend this logic to Interrogatory Nos. 10 and 11, claiming that Defendants must purportedly use a separate interrogatory for each claim term for which Defendants seek Plaintiff's position. (Dckt. No. 85 at 4).

This remarkable turn around from Plaintiff's pre-motion position led Defendants to propose to Plaintiff that the parties follow the procedure outlined by Judge Davis and avoid further intervention by the Court. (Ex. 1). Specifically, Defendants issued seven new interrogatories identifying the particular prior art references to which they sought specific responses of non-invalidity consistent with Judge Davis' orders in the *Orion* case, if Plaintiff, in turn, agreed to provide substantive and detailed responses to such newly issued interrogatories in accordance with these orders. Plaintiff, surprisingly, refused even after Defendants issued new interrogatories ***identical*** to those accepted by Judge Davis in *Orion* (upon which Plaintiff relies), forcing Defendants to file this reply.

## II. ARGUMENT

### A. Plaintiff Must Provide Detailed Non-Invalidity Contentions In Response To Interrogatories Newly Issued By Defendants

Defendants issued seven new interrogatories pursuant to the specific standard outlined in Judge Davis' order referenced above adopted by Plaintiff, *i.e.*, each interrogatory is specifically directed to a single prior art reference. (Ex. 3, "Third Set of Interrogatories"). Plaintiff will have had over four months to consider the invalidity contentions in their entirety (since they were served on April 28), and an additional thirty days to respond to the narrower interrogatories identifying individual prior art references. Under these circumstances, any claim by Plaintiff of undue burden, harassment, improper requests, etc. lacks credibility. Without explanation and despite its prior reliance on Judge Davis's order, Plaintiff has not agreed at this time to substantively respond to the Third Set of Interrogatories, stating that it "will not agree to any preconceived conditions, including the waiver of objections, in responding to these interrogatories."[1] Accordingly, Defendants respectfully request that the Court order Plaintiff to provide responses consistent with the approach identified in the two orders from Judge Davis.

### B. Plaintiff's Response Is Littered With Inaccuracies In An Attempt To Mislead The Court Regarding Its Purported Burden

Plaintiff attempts to create the misimpression that the interrogatories at issue create an undue burden by grossly mischaracterizing their scope, stating that "[t]hese interrogatories, by their terms, relate back to Defendants' invalidity contentions and the 78,308 documents Defendants filed in support of those contentions." (Dckt. No. 85 at 1).

---

[1] Plaintiff's continued refusal to commit one way or the other to substantively responding to the Third Set of Interrogatories, despite having received Defendants' invalidity contentions in April and having been engaged in discussions and briefing on this issue since then, is telling as to its true purpose here – delaying its inevitable admission that it is unable to adequately distinguish the asserted claims over the prior art.

KL3 2789851.1

Plaintiff fails to inform the Court that only **65** documents in the production accompanying Defendants' invalidity contentions on April 28, 2010 are the prior art relevant to the interrogatories at issue (*i.e.*, only 0.17% of the total production). The remainder of the production comprises other disclosures required by patent local rule 3-4, including, for example, documents showing how the accused devices operate, and are not relevant to the interrogatories. In addition to misleading the Court in this regard, contrary to Plaintiff's misrepresentation, the actual size of the production was less than half (38,769) of the 78,308 documents Plaintiff identified.[2]

### C. Interrogatories Seeking Plaintiff's Non-Invalidity Positions Are Not Premature Prior To Claim Construction

In its moving papers, Defendants explained that interrogatories seeking non-invalidity positions are not premature prior to claim construction by the Court or the expert discovery phase of this action. (Dckt. No. 78 at 8-9). Plaintiff's tepid response fails to address any of the case law cited by Defendants that contradict Plaintiff's arguments. Instead, Plaintiff merely states, without explanation, that "Defendants seek Plaintiff's claim construction position before the time provided in the Docket Control Order" and that "the information is sought before Plaintiff is even required to identify the experts." (Dckt. No. 85 at 5). These vague and unsupported contentions cannot further delay Plaintiff's obligation to provide its non-invalidity positions.

Indeed, the same order from Judge Davis that Plaintiff relies upon required the plaintiff to provide substantive and detailed non-invalidity positions prior to (1) a claim

---

[2] Plaintiff has improperly double-counted pages within individual documents as well as the individual documents themselves to arrive at this inflated number, despite the fact that Defendants informed Plaintiff of this mistake. Plaintiff again misleads the Court when it incorrectly states that Defendants served 26,177 documents as part of a supplemental production on July 2. To the contrary, Defendants produced fewer than 5,000 documents, none of which were relevant to the subject interrogatories or invalidity issues.

construction ruling, and (2) the exchange of expert reports. As Judge Davis explained, "[w]hen faced with an interrogatory, a party may not put off its substantive response until its expert report on the topic is due." (Dckt. No. 140 at 3).[3]

Plaintiff does not require a claim construction order to provide substantive non-invalidity contentions because such construction was not needed for (1) Plaintiff to provide its preliminary infringement contentions; or (2) Defendants to prepare their invalidity contentions; and (3) the local rules expressly permit the parties to amend their infringement and invalidity contentions in view of a Markman ruling. Plaintiff's contention rings particularly hollow here where it has identified only two words within the twelve asserted claims that require construction by the Court.

### III. Conclusion

For the reasons explained above and in their moving papers, Defendants respectfully request an order compelling Plaintiff to thoroughly and accurately respond to Defendants' Interrogatories Nos. 9, 10 and 11 and Third Set of Interrogatories.

Respectfully submitted,

Dated: August 9, 2010

By: /s/ Elizabeth DeRieux
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX, LLP

---

[3] Plaintiff's reference to this Court's denial of Defendants' motion for summary judgment at the outset of the case is equally inapposite. Judge Ward appears to have denied the motion in order to ensure that construction by the Court would not affect a dispositive summary judgment motion. (Dckt. No. 45 at 9; Dckt. No. 64).

1127 Judson Road, Suite 220
Longview, Texas 75601
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
IRELAND CARROLL & KELLEY, PC
6101 S. Broadway Ave., Suite 500
Tyler, TX 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
otiscarroll@icklaw.com
patkelley@icklaw.com

Peter A. Abruzzese
Vito J. DeBari
Mark A. Baghdassarian
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100
Fax: (212) 715-8000
pabruzzese@kramerlevin.com
vdebari@kramerlevin.com
mbaghdassarian@kramerlevin.com

***Attorneys for Defendants.***

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 9th day of August, 2010.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux

KL3 2789851.1